UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAWAD AHMED, individually and on
 behalf of all others similarly situated,

                    Plaintiff,

v.                                                              Case No. 8:14cv1885-T-23-MAP
                                                                Division

ADVANCE/NEWHOUSE PARTNERSHIP
 d/b/a BRIGHT HOUSE NETWORKS,
 LLC,

                    Defendant.
_____/

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Plaintiff Rawad Ahmed, individually and on behalf of all others similarly situated

("Plaintiff"), by and through his undersigned counsel, brings this collective action under the Fair

Labor Standards Act ("FLSA") against Advance/Newhouse Partnership d/b/a Bright House

Networks, LLC ("Defendant" or "Bright House") for unpaid overtime compensation and hereby

states as follows:

1.      Plaintiff works as a Service Technician for Defendant in the State of Florida,

providing technical service for Bright House cable, internet, and telephone subscriber

customers, troubleshooting, and performing quality control inspections.  Plaintiff brings this

lawsuit on behalf of himself and all other similarly-situated Bright House employees in the State

of Florida who have performed similar job duties, providing technical service for Bright House

cable, internet, and telephone subscriber customers, troubleshooting, and/or performing quality

control inspections in the last three years (hereinafter, "Service Technicians").

1

2.      Defendant has a policy and practice of failing to pay Service Technicians for all time worked, including overtime hours.

3.      This lawsuit is brought as a collective action under the FLSA to recover unpaid overtime compensation owed to Plaintiff and other similarly-situated Bright House employees.

4.      Plaintiff will seek conditional certification and notice to an opt-in class of Service Technicians pursuant to the FLSA, 29 U.S.C. § 216(b), who were employed by Bright House in the State of Florida during the three-year period preceding the filing of this action (hereinafter, "Relevant Liability Period").

## JURISDICTION AND VENUE

5.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant provides cable, internet, and telephone subscriptions and services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

## PARTIES

7.      Plaintiff Rawad Ahmed ("Ahmed") is an adult resident of Clearwater, Florida and has been employed by Defendant as a Service Technician from November 2012 to present, working for Defendant in Orlando, Florida from approximately November 5, 2012 until approximately September 30, 2013, and in St. Petersburg, Florida from approximately September 30, 2013 to present.

8.      During the Relevant Liability Period, Ahmed was a covered employee within the meaning of the FLSA.

9.      During the Relevant Liability Period, Bright House failed to pay Ahmed for all hours worked and denied Ahmed overtime compensation for hours worked in excess of forty per week.

10.      On August 5, 2014, Ahmed filed his Consent to Join in this action, which was contemporaneously filed with the original complaint.  *See* Dkt. 1, Ex. A.

11.      Advance/Newhouse Partnership is a New York general partnership with its principal place of business in East Syracuse, New York.

12.      Advance/Newhouse Partnership manages Bright House Networks, LLC, a cable company with a principal place of business in East Syracuse, New York.  Advance/Newhouse Partnership d/b/a Bright House Networks, LLC ("Bright House") provides cable, internet, and telephone subscriptions and services in the State of Florida.

13.      Bright House is a covered employer within the meaning of the FLSA, and during the Relevant Liability Period, Bright House employed Plaintiff and other Service Technicians.

14.      During the Relevant Liability Period, Bright House has employed two or more persons, including Plaintiff, and has "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in § 203(s)(1)(A)(i).

15.      During the Relevant Liability Period, Bright House has achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

## FACTUAL ALLEGATIONS

16.     Bright House is among the largest providers of video, high speed data, and voice services in Florida, as well as in the United States.

17.     Bright House employs thousands of individuals, of which, on information and belief, many hundreds or thousands are Service Technicians working for Bright House in the State of Florida.

18.     Bright House's Service Technicians are the backbone of the company bringing and maintaining Bright House's services into the homes of its customers.

19.     Defendant has employed Plaintiff and similarly situated employees as Service Technicians or equivalent positions with similar job duties, however titled, throughout Florida.

20.     Service Technicians are not exempt from the overtime provisions of the FLSA and are paid on an hourly basis.

21.     Service Technicians are given scheduled work shifts.

22.     Defendant has required Service Technicians to regularly perform work outside of their scheduled work shifts without compensation.

23.     Plaintiff and all similarly-situated Service Technicians are not paid for time spent at the Bright House warehouse dropping off and picking up equipment and supplies performed prior to their scheduled work shift.

24.     Plaintiff and all similarly-situated Service Technicians are not paid for time spent unloading cable boxes from their trucks, daisy chaining cable boxes together, connecting the cable boxes to signals, and downloading software updates performed after their scheduled work shift.

25.     Plaintiff and all similarly-situated Service Technicians are not paid for time spent logging into Defendant's computer software programs or systems to review assigned jobs and their routes for the day performed prior to their scheduled work shift.

26.     Plaintiff and all similarly-situated Service Technicians are not paid for time spent organizing equipment and supplies inside their company vehicle, checking the fluids and air pressure of their company vehicles, and cleaning and washing their company vehicle performed prior to and after their scheduled work shifts.

27.     In addition to failing to compensate Plaintiff and all similarly-situated Service Technicians for work performed outside of the scheduled work shifts, Defendant also did not compensate Plaintiff and all similarly-situated Service Technicians for all hours worked during their scheduled shifts.

28.     Defendant automatically deducted one hour for lunch from Service Technicians scheduled work shifts each day even though Service Technicians are routinely required to work through their lunch periods.

29.     Defendant knew that Service Technicians regularly did not take a lunch break due to heavy workloads and/or tight work schedules, and deducted an hour of pay from all shifts regardless of whether the Service Technicians were able to take a one-hour lunch break.

30.     In sum, Service Technicians routinely worked over forty hours in a work week, but were not paid overtime wages for all of that work, as required by the FLSA. Defendant has a policy and practice of requiring Service Technicians to perform work described in Paragraphs 23-26 outside of their regularly scheduled shifts without compensation.   Defendant also has a policy and practice of automatically deducting one hour for a lunch break during Service Technicians regularly scheduled shifts, as described in

5

Paragraphs 28-29 which has caused Service Technicians to work without compensation. These are common policies applicable to all Service Technician.

31.     Defendant has known that Plaintiff and all similarly situated Service Technicians perform work without compensation and has chosen to deny them overtime compensation for performing this work in willful disregard of their rights under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 31.

33.     Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following:

> All persons employed as Service Technicians for Defendant within the State of Florida for the past three years (plus any applicable tolling) from the date of this Complaint to the present.

34.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's policies and practices of failing to accurately record all hours worked, failing to pay Service Technicians for all hours worked, and failing to properly pay Service Technicians overtime compensation.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### Failure to Pay Overtime Compensation to Service Technicians in Violation of the FLSA During the FLSA Relevant Liability Period

36.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs 1 through 35 with respect to all Service Technicians.

37.     During the FLSA Relevant Liability Period, Bright House failed to accurately record all hours worked by Service Technicians, and did not fully compensate Service Technicians for all their hours worked for Bright House in excess of forty (40) per week as required by Section 207 of the FLSA.

38.     Service Technicians were victims of an illegal policy and plan by Bright House to deny them overtime compensation required by the FLSA.

39.     Bright House's failure to pay Service Technicians in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

40.     Plaintiff, on behalf of himself and other Service Technicians, seeks unpaid overtime compensation in an amount to be determined and gap time pay in overtime workweeks, as well as an equal amount of liquidated damages (or pre-judgment interest in the event liquidated damages are denied), post-judgment interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Service Technicians, demands judgment against Defendant and prays this Court:

7

a.      Issue notice to all Service Technicians who were employed by Defendant at any time during the Relevant Liability Period, informing them of their right to file consents to join this action;

b.      Declare Defendant's policy of failing to keep accurate time records and not paying Service Technicians overtime illegal under the FLSA;

c.      Find that Bright House's violation of the FLSA was willful and impose a three-year statute of limitations period for FLSA claims;

d.      Award Plaintiff and all other Service Technicians unpaid overtime compensation;

e.      Award Service Technicians an amount equal to unpaid overtime compensation as liquidated damages under 29 U.S.C. § 216(b);

f.      Award Service Technicians pre-judgment interest if liquidated damages are not awarded;

g.      Award Service Technicians post-judgment interest as provided by law;

h.      Award Service Technicians reasonable attorneys' fees and costs as mandated by Section 216(b) of the FLSA; and

i.      Award Service Technicians such other relief as the Court deems fair and equitable.

Dated:  December 2, 2014                Respectfully Submitted,


                                        /s/ Sam J. Smith
                                        Sam J. Smith, Trial Counsel
                                        Florida Bar No. 818593
                                        Loren B. Donnell
                                        Florida Bar No. 0013429
                                        BURR & SMITH, LLP
                                        442 W. Kennedy Boulevard, Suite 300
                                        Tampa, FL 33606
                                        (813) 253-2010
                                        (813) 254-8391 FAX
                                        ssmith@burrandsmithlaw.com
                                        ldonnell@burrandsmithlaw.com


                                        Eric Dirks, Trial Counsel
                                        MO 54921, *Pro Hac Vice* Admission To Be Requested
                                        WILLIAMS DIRKS DAMERON LLC
                                        1100 Main Street, Suite 2600
                                        Kansas City, MO 64105
                                        816-876-2600
                                        816-221-8763 FAX
                                        dirks@williamsdirks.com